Commonwealth *v.* Gwyn, Appellant.

132

Submitted May 22, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*William H. Saye,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 4, 1972:

Appellant Hilery Randolph Gwyn was charged with murder and brought to trial before a jury on April 1, 1968. The jury returned a verdict of guilty in the first degree and imposed a sentence of life imprisonment. Post-trial motions were denied and appellant appealed to this Court. We affirmed his judgment of sentence. *Commonwealth v. Gwyn*, 441 Pa. 546, 272 A. 2d 891 (1971).

On May 27, 1971, appellant, assisted by counsel, filed a petition pursuant to the Post Conviction Hearing Act.[1] The trial court denied the petition without a hearing. This appeal challenges the propriety of the trial court's dismissal.

Section 9[2] of the PCHA requires that a hearing should be held only "[i]f a petition alleges facts that if proven would entitle the petitioner to relief. . . ." Section 9 further provides that "the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. . . ." The trial court properly relied upon this provision in denying appellant's petition, and we thus affirm.

The first issue presented by appellant is his allegation that he was without counsel at a preliminary hearing held October 3, 1967. *Coleman v. Alabama*, 399 U.S. 1, 90 S. Ct. 1999 (1970), which held that Alabama's preliminary hearing was a critical stage entitling a defendant to the assistance of counsel, is not retroactive. *Adams v. Illinois*, 405 U.S. 278, 92 S. Ct. 916 (1972); *Commonwealth v. James*, 440 Pa. 205, 269 A. 2d 898 (1970). Nor has appellant demonstrated

---

[1] Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §§1180-1 et seq. (Supp. 1971).

[2] Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §9, 19 P.S. §1180-9.

any prejudice by the alleged "absence of counsel" at his preliminary hearing. Prior to *Coleman,* supra, this Court, following the mandate of *White v. Maryland,* 373 U.S. 59, 83 S. Ct. 1050 (1963), required a defendant to demonstrate that he was prejudiced by the absence of counsel at the preliminary hearing. See *Commonwealth ex rel. Firmstone v. Myers,* 431 Pa. 628, 246 A. 2d 371 (1968); *Commonwealth v. Ritchey,* 431 Pa. 269, 245 A. 2d 446 (1968); *Commonwealth v. Gates,* 429 Pa. 453, 240 A. 2d 815 (1968); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967); *Commonwealth ex rel. LaRue v. Rundle,* 417 Pa. 383, 207 A. 2d 829 (1965); *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965).

Finally, the trial court noted that "the transcript of said [preliminary] hearing shows the defendant was represented by two attorneys who had been appointed on September 29, 1967 by this Court to represent the petitioner." Thus both the record and our case law are contrary to appellant's contentions. Clearly this issue was "patently frivolous" and therefore did not warrant an evidentiary hearing.

Appellant next contends that he was denied effective assistance of counsel. As the sole basis for this allegation of ineffective assistance of counsel appellant relies on trial counsel's failure to introduce a psychiatric report prepared at the Harrisburg State Hospital. The report concluded that there was no evidence to substantiate appellant's allegation that he had a head injury which precipitated periodic blackouts. Nowhere in appellant's petition does he indicate how this report, which included observations contrary to appellant's defense, could have possibly aided him at trial. Certainly trial counsel's conduct does not approach the "without rationale basis" conduct required to sustain a claim of ineffective assistance of counsel. *Common-*

*wealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967).

Appellant's third contention is that the Commonwealth entered into evidence perjured testimony. In light of appellant's failure to raise this contention in his direct appeal, see *Commonwealth v. Gwyn,* supra, appellant is now foreclosed from raising this issue in any subsequent proceeding. See *Commonwealth v. Simon,* 446 Pa. 215, 285 A. 2d 861 (1971).

The last allegation in appellant's petition refers to an incident occurring during the examination of one of the Commonwealth's witnesses. During his testimony the witness started to remove from a bag two knives, neither of which was the murder weapon, found at the scene of the crime. Defense counsel promptly objected and the trial court ordered the witness not to produce the knives. It is uncertain from the record whether any member of the jury actually viewed the knives in question.

It is difficult to see how appellant was prejudiced by this occurrence, if indeed any member of the jury actually saw the knives. The jury was already aware of the presence of the knives at the murder scene through the testimony of witnesses admitted without objection. Clearly the prejudice to appellant, if any, was not of such proportions as to rise to constitutional dimensions, and therefore the issue is not cognizable under the Post Conviction Hearing Act.[3]

Accordingly the order is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MANDERINO:

I concur with the reasoning of the majority except for its use of the constitutionally impermissible nonretroactive doctrine. My reasons are stated in *Commonwealth v. Leamer,* 449 Pa. 76, 295 A. 2d 272 (1972).

---

[3] Id. P. L. (1965) 1580, §4, 19 P.S. §1180-4.