## Commonwealth *v.* Redshaw, Appellant.

Argued November 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Stephen P. Swen,* with him *John J. Dean,* Chief, Appellate Division, *John R. Cook,* Trial Defender, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant was found guilty after a non-jury trial on the charges of indecent assault and assault and battery. The only issue meriting serious discussion is whether the denial of counsel at appellant's preliminary hearing was so prejudicial as to compel a new trial.[1]

---

[1] Appellant also contends that there was insufficient evidence to convict him on the charges against him. The appellant offered

In *Coleman v. Alabama,* 399 U.S. 1 (1970), the Supreme Court of the United States declared that the preliminary hearing was a "critical stage" in the criminal process, and that the accused must be afforded a right to counsel at this stage. The Court, however, specified that a denial of the right to counsel was subject to the harmless error test under *Chapman v. California,* 386 U.S. 18 (1967), i.e., whether it appears on record that the defendant was prejudiced by the absence of counsel.

Prior to the preliminary hearing, appellant's attorney telephoned the Court and informed the committing magistrate that he would be late but would appear on behalf of the appellant as soon as he could arrive at the proceeding. Despite counsel's call and appellant's insistence that he wanted counsel present, the magistrate proceeded in counsel's absence and held the appellant over for trial. Since the Commonwealth admits to this set of circumstances, the only question before this Court is whether appellant suffered any prejudice by failing to have his attorney present at the preliminary hearing.

In the instant case, the prosecutrix was accosted by two men. Despite the fact that the other assailant stood directly in front of the victim, she was unable to identify or give a description of the co-felon. In-

an unsupported alibi, while the victim testified that she was attacked by a man she believed to be the appellant, in the hallway outside her girl friend's residence. Since the evidence rested solely on testimony, the issue of credibility was properly a matter for the trier-of-fact. *Commonwealth v. Harris,* 444 Pa. 515, 281 A. 2d 879 (1971). Appellant's further contention that the pre-trial identification was conducted in a manner that was unduly suggestive is without basis, and, according to the record, the victim testified at trial that her in-court identification was independent of the pre-trial confrontation, based solely on her observations and recollections arising from the incident. See, *U. S. v. Wade,* 388 U.S. 218 (1967).

stead, she could only identify the appellant who she only saw as he ascended the stairs with the other man, but who during the ordeal was, at all times, in back of her. The only evidence against the appellant was the identification of the victim. Absent a clear and overwhelming case, it is difficult to imagine a more compelling case for the presence of counsel at the preliminary hearing. As we said in *Commonwealth v. Brabham*, 225 Pa. Superior Ct. 331, 337, 309 A. 2d 824 (1973), citing *Coleman,* supra at 9: "Plainly the guiding hand of counsel at the preliminary hearing is essential . . . . [T]he lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial."

Appellant points out that there is no evidence to indicate that the victim's original description of the appellant was clear or definite. The identification of the appellant after his arrest did not come until two months after the alleged incident. Considering the dimly-lighted stairway and the victim's inability to even describe the other participant, it is possible that presence of counsel at the preliminary hearing could have "exposed fatal weaknesses" or, at the very least, provided a sound basis as "a vital impeachment tool" at trial almost a year later. We believe that the failure to afford appellant his right to counsel, under the circumstances, was prejudicial to his case.

The judgment of sentence is reversed, and appellant granted a new trial.

WATKINS, P. J., and JACOBS, J., dissent.