## Commonwealth v. Gattis

*Samuel C. Ranck,* Assistant District Attorney, for Commonwealth.

*George J. Nagle,* for defendant.

MOSER, J., August 12, 1974.—A petition under the Post Conviction Hearing Act was filed in this court on February 11, 1974, by George Daniel Gattis, the above-named defendant, who is presently in confinement at the State Correctional Institution at Rockview under a sentence imposed by this court on September 11, 1973.

In the petition, defendant alleges:

"I was denied a preliminary hearing within the required 3 to 10 day period and no hearing was held until 43 days after my arrest, which is in violation of Pennsylvania rules of criminal procedure . . ."

Defendant contends that his petition raises an issue which has not been finally litigated because "a constitutional violation occurred."

The original transcript in the case was filed in the office of the clerk of courts on May 10, 1973. It indicates that on March 28, 1973, the arresting officer filed a complaint charging defendant with assault with intent to kill, in pursuance of which a warrant was issued and served on defendant. It further shows that the preliminary arraignment was held on the same date, at which time the preliminary hearing was set for April 4, 1973, and the accused was committed to the Northumberland County Prison in default of bail.

The transcript contains two other pertinent entries:

"4/2/73, filing officer requests continuance of preliminary hearing because of unavailability of victim as a witness. Request granted. All parties notified.

"5/2/73, preliminary hearing set for 5/8/73, at 9:30 A.M. All parties notified."

It appears from the transcript that the preliminary hearing was held on May 8, 1973.

A hearing on the Post Conviction Hearing Act petition, attended by defendant and his counsel, was held before this court on May 15, 1974. The Commonwealth produced District Magistrate Harry Klein and prosecuting officer James B. Croft, both of whom testified in substantiation of the information in the transcript setting out the procedure above mentioned. The officer stated that the reason for the continuance was that the physician treating the victim in the case would not permit his patient to appear at a preliminary hearing on April 4, 1973, or until the continued date of May 8, 1973. The district magistrate stated that he notified defendant and defendant's attorney prior to April 4, 1973, that the preliminary hearing scheduled for that date was continued. At the time of the notice, defendant was an inmate in the Northumberland County Prison.

Rule of Criminal Procedure 140 provides in section (f) that:

"When a preliminary hearing is not waived, the issuing authority shall: (1) fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the Commonwealth; (2) give the defendant notice of the time and place of hearing thus fixed; and (3) afford the defendant a reasonable opportunity to post bail, and if bail is not so obtained, commit him to jail according to law."

A reading of this rule indicates that its provisions were carefully complied with by the district magistrate in the instant case. It seems clear that there was a proper basis for extending the time for the preliminary hearing and it does not appear that defendant is

now denying that the time of hearing was extended for a proper cause.

The present contention of defendant seems to be that at the time of notice he was not informed of the specific reason for the continuance of the preliminary hearing to a later date, and that the failure to furnish him with this information was a violation of his constitutional rights. It is not denied by defendant that he was represented by counsel during the entire period following the preliminary arraignment. Likewise, defendant does not contradict the evidence of the Commonwealth to the effect that he and his attorney were notified of the continuance and were also given written notice of the time fixed for the continued preliminary hearing. From our consideration of the entire matter, we are unable to find any prejudice to defendant of such proportion as to rise to constitutional dimension, so that the issue here raised by defendant is not cognizable under the Post Conviction Hearing Act: Commonwealth v. Gates, 429 Pa. 453, 240 A.2d 815; Commonwealth v. Gwyn, 449 Pa. 131, 295 A.2d 73.

## ORDER

And now, August 12, 1974, upon consideration of the petition under the Post Conviction Hearing Act filed by George D. Gattis in this court on February 11, 1974, the court finds that defendant is not entitled to be released from custody and discharged because of any violation of his constitutional rights, and

It is ordered that defendant's petition for post conviction hearing appeal be and the same is hereby dismissed.