Commonwealth *v.* Sawyer, Appellant.

Submitted November 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John R. Cook,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *Ralph J. Cappy,* Public Defender, for appellant.

*Charles W. Johns* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., February 2, 1976:

Appellant raises two contentions: that he was denied assistance of counsel at his preliminary hearing and that there was insufficient evidence to convict him of aggravated assault.

On November 9, 1973, Leo Vennebush, a driver for the Tube City Cab Company, picked up a fare at 1714 Jenney Lind Street, McKeesport. The passenger, later identified

as appellant, directed Vennebush to drive to a dead-end street adjacent to Harrison Village, a McKeesport housing project. When Vennebush stopped to let out his fare, the passenger grabbed him around the neck. Vennebush struggled free and knocked a bright metal object from his attacker's hand. After the attacker fled, Vennebush hailed a passing motorist who drove him to a restaurant where he called the police. The police arrived and, upon investigation, found a nine-inch butcher knife on the floor of the cab.[1]

The appellant was arrested pursuant to a warrant on November 12, 1973, and charged with aggravated assault[2] and attempted robbery.[3] Four days later, on November 16, appellant received a preliminary hearing. However, he was not represented by counsel at that time. The magistrate did not secure a signed waiver of counsel; nor did he fully inform appellant of his rights at that hearing. Instead, the magistrate merely asked if appellant would proceed without counsel. When appellant acquiesced, the hearing continued and Vennebush identified the appellant.

Thereafter, appellant's counsel filed a motion to suppress the identification evidence. Pursuant to a June 23, 1974 hearing, the court denied appellant's motion and refused to quash the indictment. Appellant was tried by jury on July 1, and July 2, 1974, and was found guilty on both counts. Both issues before this Court were raised in appellant's post-trial motions and were denied by the court en banc on February 12, 1975. On February 14, 1975, appellant was sentenced to a term of three and

---

1. At trial, Vennebush testified that prior to picking up appellant, he inspected his cab to assure himself that his previous fare had not left anything in the cab.

2. Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, §1; 18 Pa. C.S. §2702.

3. Crimes Code, supra; 18 Pa. C.S. §3701.

one-half to seven years' imprisonment. This appeal followed.

The appellant contends that the lower court erred in admitting Vennebush's in-court identification because it was prejudicially tainted by an identification made at the uncounselled preliminary hearing.[4]

In *Coleman v. Alabama*, 399 U.S. 1 (1970), the United States Supreme Court held that a preliminary hearing is a critical stage of criminal proceedings; thus, an accused is entitled to representation of counsel at such a hearing. (See *Powell v. Alabama*, 287 U.S. 45, 69 (1932): An accused "requires the guiding hand of counsel at every step in proceedings against him.") The Court underscored the function that counsel serves at the hearing: "Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail." 399 U.S. at 9. The Court also held, however, that denial of the right

---

4. The Commonwealth does not contend that the waiver of counsel at the hearing was effective.

to counsel at the preliminary hearing alone is not a sufficient basis for reversal—the court must also find specific prejudice resulting therefrom. *Coleman,* supra at 10-11; *Commonwealth v. Redshaw,* 226 Pa. Superior Ct. 534, 323 A. 2d 92 (1974).

In the instant case, the alleged prejudice is that the identification process used "[was] so fraught with inherent dangers that the accused's fate might be prematurely settled. [Appellant], therefore, was clearly entitled to counsel at his preliminary hearing."[5] If counsel is not present when an identification takes place, a court must inquire whether the in-court identification has an origin independent of the claimed illegality. *Commonwealth v. Burton,* 452 Pa. 521, 307 A. 2d 277 (1973).; *Commonwealth v. Spencer,* 442 Pa. 328, 275 A. 2d 299 (1971). That is, neither federal nor Pennsylvania case law has announced a *per se* exclusionary rule in such instances. *United States v. Wade,* 388 U.S. 218 (1967); *Commonwealth v. Redshaw,* supra.

*Redshaw* provides an instructive contrast to the facts of the instant case. In *Redshaw,* the prosecutrix was unable to identify or to offer a description of Redshaw's co-felon. In addition, "she could only identify the appellant who she only saw as he ascended the stairs with the other man, but who during the ordeal was, at all times, in back of her. The only evidence against the appellant was the identification of the victim. Absent a clear and overwhelming case, it is difficult to imagine a

---

5. Counsel argued further: "Without the assistance of counsel at the preliminary hearing, suggestive influences went undetected. The resulting unfairness gave rise to a substantial danger of misidentification. This danger continued unabated into the later trial. Once Vennebush had picked the accused, Vennebush was very unlikely to change his mind. The issue of identity was settled at the unlawful preliminary hearing. Thus, the pre-trial identification prejudicially tainted the subsequent in-court identification. A new trial is a necessity."

more compelling case for the presence of counsel at the preliminary hearing." 226 Pa. Superior Ct. at 537, 323 A. 2d at 94.

In the instant case, the cab driver testified at trial that he had an opportunity to observe his attacker in good lighting when he picked up his fare. Due to a rash of robberies, cab drivers had been instructed to scrutinize facial features of all passengers. Vennebush testified further that he had observed appellant in his rear-view mirror during the ride. Further, on the day of the uncounselled preliminary hearing, Vennebush arrived early to the assigned hearing room. Shortly thereafter, four men and two women entered the room. The witness immediately recognized the appellant and informed police as soon as they arrived. The appellant was not in custody when he entered the room; nor had the police notified the witness that he would observe a suspect. The identification occurred only one week after the criminal episode. Finally, appellant's counsel was able to cross-examine the witness vigorously at the pretrial motion to suppress. All of these factors viewed together convince this Court that ample independent basis existed to permit Vennebush's in-court identification despite the absence of counsel at the preliminary hearing.

The only other error alleged by appellant is that "the weight of the evidence is insufficient to support a conviction for aggravated assault." Appellant was convicted of violating §2702(a)(1) of the Crimes Code, supra, which provides that an offender must cause or attempt to cause serious bodily injury to another to be guilty of aggravated assault. Appellant contends that the Commonwealth failed to prove that appellant caused or attempted to cause serious bodily injury to the victim.

Appellant cites the correct standard of review by this Court: ". . . the court must scrutinize the entire record, viewing the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Williams*, 450 Pa. 158,

299 A. 2d 643 (1973)." Further, the test of the sufficiency of evidence is whether accepting as true all the evidence, together with all reasonable inferences therefrom, such evidence is sufficient as a matter of law to prove the accused guilty beyond a reasonable doubt. *Commonwealth v. Clark,* 454 Pa. 329, 331, 311 A. 2d 910 (1973).

Appellant points to the victim's testimony that he saw a "shiny metal object" coming towards him (he did not say that the object was a knife), and that several men were in the vicinity of the cab, left unattended when the cab driver went to call the police. From these two facts, appellant attempts to weave a hypothetical explanation of the criminal episodes: "Vennebush . . . was unable to identify the object. At any rate, the object never struck him. . . . Most likely the object was [appellant's] aluminum crutch." Appellant attempts to explain away the discovery of the knife: "Vennebush left his cab unlocked and unattended while a number of other males stood nearby. Any one of them could have tampered with the cab and dropped a knife. . . . An earlier fare that evening sat in that front seat. This passenger could easily have dropped the knife."

The Commonwealth's proof, however, refutes appellant's highly speculative account. Vennebush testified that he was able to discern that the object knocked from his attacker's hand was not a crutch. During the assault, the victim suffered abrasions of the neck and a cut hand. Further, the cab driver struck at the appellant with considerable force which knocked the object from the appellant's hand. The knife was found next to the door on the passenger's side of the cab, the direction in which the driver had struck at appellant. The inference that appellant attacked Vennebush with a knife—an act manifesting extreme disregard for human life—is compelled by the testimony at trial.

Therefore, the judgment of sentence is affirmed.