372 A.2d 901

**COMMONWEALTH of Pennsylvania**

v.

**Ronald E. RINES, Appellant.**

Superior Court of Pennsylvania.

Submitted June 28, 1976.

Decided April 19, 1977.

430

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Bert M. Goodman, Eric J. Cox, Assistant District Attorneys, and William T. Nicholas, District Attorney, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On September 19, 1974, Helen Rushton was employed as a waitress at the Donut Haven in Willow Grove, Pennsylvania. A man, later identified as appellant, entered and ordered a pastry. When Ms. Rushton turned from ringing the sale on the cash register, she saw that the customer had produced a gun which he was aiming at her. Ms. Rushton acquiesced to his demand for the money from the register (sixty dollars). After the robber had departed, Ms. Rushton crossed the street to a gasoline station where she reported the incident to Officer Roger Kliesh of the Upper Moreland Police Department.

Ms. Rushton identified appellant from photographs displayed to her at the police station, and appellant was arrested and charged with robbery and theft of movable property. Latent fingerprints taken from the sugar dispenser at the Donut Haven, along with inked samples of appellant's prints, were sent to the fingerprint division of the Federal Bureau of Investigation. David Layton, a fingerprint spe-

432

cialist with the FBI, determined that the two sets of prints belonged to the same individual.

On March 3, 1975, appellant was found guilty of the above charges by a jury. For the reasons discussed below, we must reverse the judgment of sentence of the lower court and remand for a new trial.

■ Appellant first contends that the indictment must be quashed because he was denied the effective assistance of counsel at his preliminary hearing. It is, of course, well settled that a defendant is entitled to the effective assistance of counsel at a preliminary hearing. *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); *Commonwealth v. Redshaw*, 226 Pa.Super. 534, 323 A.2d 92 (1974). The Commonwealth contends that appellant knowingly and intelligently waived his right to counsel at the preliminary hearing. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Commonwealth v. Hawkins*, 448 Pa. 206, 292 A.2d 302 (1972).

■ We need not decide whether appellant knowingly and intelligently waived his right to counsel. He is not entitled to have the indictment quashed. The remedy for denial of counsel at the preliminary hearing depends on the specific prejudice caused thereby. *See, e. g., Commonwealth v. Redshaw, supra.* If appellant suffers no prejudice, he is entitled to no remedy. *Commonwealth v. Gwyn*, 449 Pa. 131, 295 A.2d 73 (1972). Appellant's brief argues that, "[s]ince the eyewitness to the robbery identified appellant at the preliminary hearing, it cannot be said that the lack of counsel was 'harmless error.'" However, error is not presumed from the fact of an identification in the absence of counsel. Instead, as always, it must be determined whether the in-court identification proceeded from a basis independent of the allegedly illegal confrontation. *Commonwealth v. Sawyer*, 238 Pa.Super. 213, 357 A.2d 587 (1976). If the in-court identification was tainted by an illegal confrontation, then appellant would be entitled to a new trial, not to a quashing of the indictment. *Commonwealth v. Redshaw, supra.*

■ Moreover, the evidence in this case clearly supports the finding of an independent basis for the in-court identification. Ms. Rushton had ample opportunity to observe appellant on the night of the crime. Her attention had been attracted to appellant by his strange behavior. Ms. Rushton was able to provide the police with a detailed and accurate description. At trial, her identification testimony was certain and unshakeable. Therefore, the lower court did not err in refusing to quash the indictment.

■ The second issue raised by appellant is that he was improperly denied access to police reports for the purpose of cross-examination, necessitating a new trial. We must agree. After Detective Tossona's direct examination, appellant's counsel requested to see all police reports relating to the case. The Commonwealth argued that appellant was not entitled to such broad discovery. The lower court denied the motion. Appellant's counsel then requested to see, for purposes of cross-examination, any reports filed by Detective Tossona. The Commonwealth argued that appellant was not entitled to the reports because the witness had not referred to any reports for his testimony. The court again denied the motion.

In *Commonwealth v. Grayson,* 466 Pa. 427, 353 A.2d 428 (1976), the defendant was charged with the shooting death of her husband. Three Commonwealth witnesses testified that the defendant had possessed the gun responsible for the killing on the night before the shooting. Prior to cross-examination, defense counsel requested permission to examine pre-trial statements of the witnesses. The court denied the motion. On appeal, the Supreme Court of Pennsylvania reversed, stating that, "the prosecution must allow the defense to examine statements in its possession given by persons who testify as prosecution witnesses." 466 Pa. at 428, 353 A.2d at 429.

In *Commonwealth v. Kubacki,* 208 Pa.Super. 523, 224 A.2d 80 (1966), a Pennsylvania State Police Officer referred, during his testimony, to a statement that had been taken

from one of the Commonwealth's witnesses. Prior to cross-examining the witness, defense counsel asked permission to see the statement. The trial court denied permission, and, on appeal, this court held that action to be reversible error.

Any argument based on a distinction between police and civilian witnesses is precluded by *Commonwealth v. Swierczewski*, 215 Pa.Super. 130, 257 A.2d 336 (1969). In that case, this court held that defense counsel was entitled to see, for purposes of cross-examination, a report on which three Pennsylvania State Police Officers had collaborated.

■ The lower court sought to distinguish the above cases on the ground that, in this case, the police officer did not refer to the report during his testimony. However, none of the above cases will support such a distinction. The inference to be drawn from those cases, if any, is that the witnesses did not refer to their prior statements while testifying. Furthermore, such a distinction is irrelevant. Prior statements are made available to defense counsel so that he may uncover inconsistencies between a witness' pre-trial statements and his testimony at trial. The fact that a witness does not refer to a report may weaken the effect of a prior inconsistent statement, but it does not render it useless or inadmissible. Therefore, the lower court erred in denying defense counsel access to Detective Tossona's report.

Because of the disposition we have reached on the above issue, we have not considered the remaining issues raised by appellant. The judgment of sentence of the lower court is reversed and the case is remanded for a new trial.

SPAETH, J., files a concurring opinion in which HOFFMAN, J., joins.

SPAETH, Judge, concurring:

I concur that a new trial must be awarded because of the lower court's refusal of defense counsel's request for any reports filed by Detective Tossona.

HOFFMAN, J., joins in this opinion.