436 A.2d 1209

COMMONWEALTH of Pennsylvania,

v.

**Robert CARVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed Nov. 6, 1981.

178

John H. Corbett, Jr., Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and SHERTZ and WIEAND, JJ.

SHERTZ, Judge:

Robert Carver was found guilty of Criminal Attempt (Theft)[1] and Receiving Stolen Property[2] in a jury trial in Allegheny County. Post-trial motions were denied and the instant appeal is from the Judgment of Sentence.

In this appeal Appellant asks this Court to find error in the lower court's failure to dismiss the indictment, or, in the alternative, to grant a new trial on the basis of an alleged violation of Appellant's right to counsel during the preliminary hearing. We have carefully examined the record and, since we find no prejudicial error reflected therein, we affirm.

On October 22, 1979, a car was stolen from the Grant Building Parking Garage in Pittsburgh. One of the parking

1. 18 Pa.Cons.Stat.Ann. § 901(a) (Purdon 1973).

2. 18 Pa.Cons.Stat.Ann. § 3925 (Purdon 1973).

lot attendants, Mr. Dunlap, observed the thief as he drove the car out of the garage.

On October 31, 1979, a man entered the same garage and attempted to steal another car. This time, he was prevented by garage personnel, including Mr. Dunlap, from exiting the garage with the car. The man then fled on foot and was pursued by two other garage attendants, Messrs. Hollie and Phillips, who subsequently lost him during the chase. Appellant was arrested shortly thereafter, in connection with both incidents, after identification of him by Dunlap and Phillips. This identification took place within an hour of the events of October 31, 1979.

The preliminary hearing was held on November 16, 1979, at which time Appellant was again identified by Messrs. Dunlap and Phillips. At this hearing, Appellant was not represented by counsel. Instantly, he contends that he did not make a knowing and intelligent waiver of his right to be represented. Despite the fact that evidence of the identifications at the preliminary hearing was not introduced at trial, Appellant asserts that he suffered prejudice in that, had he been represented, any flaws or weaknesses in identification [3] could have been discovered by cross-examination at the preliminary hearing. We need not, and do not, decide whether Appellant knowingly and intelligently waived his right to counsel at the preliminary hearing since our examination of the record indicates that the asserted error did not prejudice Appellant.

It is axiomatic that the preliminary hearing is a "critical stage" of a criminal proceeding, at which Appellant is entitled to the assistance of effective counsel. *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); *Commonwealth v. Rines*, 247 Pa.Super. 429, 372 A.2d 901 (1977); *Commonwealth v. Redshaw*, 226 Pa.Super. 534, 323 A.2d 92 (1974). However, lack of representation at a preliminary hearing must result in specific prejudice to a defendant, *Coleman, supra; Commonwealth v. Sawyer*, 238 Pa.Su-

---

3. Appellant does not state that, in fact, there were any such flaws or weaknesses, nor does our reading of the record disclose any.

per. 213, 357 A.2d 587 (1976), that is, it is subject to the harmless error test. *See Redshaw*, 226 Pa.Super. at 536, 323 A.2d at 93. "If Appellant suffers no prejudice, he is entitled to no remedy." *Rines*, 247 Pa.Super. at 432, 372 A.2d at 903 (citation omitted).

The record reveals little effort on the part of the magistrate at the preliminary hearing to follow the procedures delineated in Rule 318, Pa.R.Crim.P.,[4] and we condemn such a disregard of these requirements. However, despite our extreme displeasure with, and condemnation of, such blatant indifference toward procedural safeguards, to say nothing of its potential for tainting an otherwise proper prosecution, we note that the Rules of Criminal Procedure fail to provide for the granting of any specific relief merely on a showing of a Rule 318 violation. We conclude, therefore, that the Rule must be interpreted and applied in harmony with that line of cases, which require, as a condition for relief, actual prejudice to a defendant who has been denied representation at a preliminary hearing. *See Rines*, 247 Pa.Super. at 432, 372 A.2d at 903; *Sawyer*, 238 Pa.Super. at 217–220, 357 A.2d at 589–590; *Redshaw*, 226 Pa.Super. at 535–37, 323 A.2d at 93–94. *See also Commonwealth v. Fowler*, 275 Pa.Super. 544, 419 A.2d 34 (1980). We therefore hold that, when a Rule 318 violation occurs, relief is warranted if, but only if, a defendant suffers actual prejudice as a result thereof.

In the factual context of this case, the critical question is whether the subsequent in-court identifications had an ori-

---

4. Rule 318 provides in pertinent part:

   (b) PROCEEDINGS BEFORE AN ISSUING AUTHORITY. When the defendant seeks to waive the right to counsel in a summary case or for a preliminary hearing in a court case, the issuing authority shall ascertain from the defendant whether this is a knowing, voluntary and intelligent waiver of counsel. In addition, the waiver shall be in writing, signed by the defendant and the issuing authority, be made a part of the record and be in the following form . . . .

   In addition, the Comment to the Rule recommends that certain questions, designed to elicit information establishing a knowing and intelligent waiver of counsel, be posed to a defendant. *See*, Rule 318 and Comment, P.R.Crim.P.

gin independent of the identifications offered at the preliminary hearing of the then unrepresented defendant. *Sawyer*, 238 Pa.Super. at 217–220, 357 A.2d at 589–90. Factors to be taken into consideration in making the determination that the in-court identification had an independent, untainted origin, include:

"the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."

*Commonwealth v. Slaughter*, 482 Pa. 538, 546, 394 A.2d 453, 457 (1978), *quoting Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401. More specifically, the court should scrutinize:

"(1) the manner in which the pre-trial identification was conducted; (2) the witness's prior opportunity to observe the alleged criminal act; (3)the existence of any discrepancies between the defendant's actual description and any description given by the witness . . .; (4) any previous identification by the witness of some other person; (5) any previous identification of the defendant himself; (6) failure to identify the defendant on a prior occasion; and (7) the lapse of time between the alleged act and the out-of-court identification."

*Id.* 482 Pa. at 546, 394 A.2d at 457, *quoting, United States v. Higgins*, 458 F.2d 461 (3d Cir. 1972). *Accord, Sawyer*, 238 Pa.Super. at 220, 357 A.2d at 590; *Redshaw*, 226 Pa.Super. at 537, 323 A.2d at 94.

Focusing on the facts of this case as elicited at trial, Mr. Dunlap testified that on October 22, 1979, he saw Appellant drive out of the parking garage in a stolen car. At that time he observed Appellant full-face, in daylight, for five or six seconds, from a distance of three or four feet. He further testified that he recognized Appellant, at a distance of ten to fifteen feet on October 31, 1979, as the same individual involved in the prior theft.

Mr. Phillips testified at trial that, at the time of the October 31 incident, the garage was well lit. He had an opportunity to observe Appellant from a position directly beside the driver's window of the car which was the object of this attempted theft. Mr. Phillips further testified that he chased Appellant out of the garage, into the lobby of the Grant Building, and thus had the opportunity to observe Appellant a second time.

The identifications at trial were certain and unshakeable. No reference was made to the uncounselled identification. Both witnesses identified Appellant within an hour of the attempted theft of October 31, 1979. These factors considered together with the length of time of their observations, the lighting conditions and the close range of observation, provide an independent, untainted basis for the in-court identification. Thus Appellant suffered no prejudice as a result of the uncounselled identification and is not entitled to relief.

The judgment of sentence is affirmed.