## Commonwealth v. Emery

*James Zurick, assistant district attorney,* for the Commonwealth.

*Daniel J. Rheam,* for defendant.

ROSINI, *J.,* November 12, 1986 — There is presently before the court, defendant's petition for writ of habeas corpus requesting the dismissal of charges or in the alternative, a new preliminary

hearing for violation of his right to counsel under Pa.R.Crim.P. 318.

The procedural history of the case is that defendant was arrested by complaint filed July 3, 1986, alleging numerous offenses occurring on June 29, 1986. The offenses included: Driving under the influence, driving on right side of roadway, speeding, improper turns, recklessly endangering another person, simple assault, aggravated assault and resisting arrest.

Defendant was preliminarily arraigned on July 3, 1986, and a preliminary hearing scheduled for July 10, 1986. At the time of his preliminary arraignment, defendant was advised of his right to counsel and provided with an application for the public defender.

At the July 10, 1986, preliminary hearing, defendant signed a written request for a continuance "so that I might have additional time to get any attorney to represent me." Said request was granted by the magistrate.

Again on July 17, 1986, after being denied representation by the public defender, defendant requested a continuance in writing, "so that I can get an attorney." Said request was granted by the magistrate and the hearing rescheduled for July 31, 1986.

At the July 31, 1986, hearing, defendant was again not represented by counsel, however, the magistrate heard testimony and held the case for court. There is a dispute as to exactly what transpired between defendant and the magistrate immediately prior to the July 31, 1986, hearing.

An information was filed by the Commonwealth on September 3, 1986, and defendant, through private counsel, filed a waiver of arraignment on September 4, 1986.

In addition to other motions which have been previously disposed of, defendant filed the petition for writ of habeas corpus which is the subject of this opinion on September 15, 1986.

Pa.R.Crim.P. 318(b) requires that, when a defendant seeks to waive the right to counsel at a preliminary hearing, the issuing authority shall ascertain whether it is a knowing, voluntary and intelligent waiver. In addition, the waiver shall be in writing.

It is virtually impossible to determine from the evidence presented by the Commonwealth, whether or not Pa.R.Crim.P. 318 was strictly followed in the instant case, since although the Commonwealth had several weeks' notice of the instant hearing, it was totally unprepared to present evidence concerning the "waiver," did not have the magistrate available, and only after calling the arresting officer to present his observations and recollections of what transpired at the July 31, 1986, preliminary hearing, requested a continuance to a later date to call the magistrate as a witness. Said request was denied by the court.

The court also does not find a written waiver as part of the court docket nor did the Commonwealth attempt to produce either a written waiver of testimony to explain the lack thereof.

The defense, on the other hand, called defendant as its only witness for the sole purpose of stating that he did not sign a waiver and did not understand what was going on at the preliminary hearing of July 13, 1986.

"The principal function of a preliminary hearing is to protect an individual's right against unlawful arrest and detention." Commonwealth v. Mullen, 460 Pa. 336, 333 A.2d 755 (1975). Defendant has at no time alleged that he was unlawfully arrested or

detained. His only claim is that "due to his lack of legal representation," he was not allowed a meaningful opportunity to confront or examine witnesses.

It is axiomatic that the preliminary hearing is a "critical stage" of the criminal proceedings, at which the defendant is entitled to the assistance of effective counsel. Commonwealth v. Corbin, 322, Pa. Super. 271, 469 A.2d 615 (1983). However, lack of representation at a preliminary hearing must result in specific prejudice to a defendant. Coleman v. Alabama 399 U.S. 1, 90 S.Ct. 1999; Commonwealth v. Corbin, supra. That is, it is subject to the harmless error test. "If defendant suffers no prejudice, he is entitled to no remedy." Commonwealth v. Rines, 247 Pa. Super. 429, 432, 372 A.2d 901, 903 (1977).

Although we can in no way condone the failure of the magistrate to follow the guidelines of Pa.R.Crim.P. 318, nor the failure of the Commonwealth to provide this court with more, properly admissible evidence upon which to base this opinion, we conclude that the Rule must be interpreted and applied in harmony with that line of cases which require, as a condition for relief, actual prejudice to a defendant who has been denied representation at a preliminary hearing. See Rines, 247 Pa. Super. at 432, 372 A.2d at 903.

We therefore hold that, when a Rule 318 violation occurs, relief is warranted if, but only if, a defendant suffers actual prejudice as a result thereof. No such showing of specific prejudice has been made in this case.

We therefore enter the following

## ORDER

And now, this November 12, 1986, defendant's petition for writ of habeas corpus is hereby denied.