363 A.2d 1133

COMMONWEALTH of Pennsylvania

v.

Harold WRIGHT, Appellant.

Superior Court of Pennsylvania.

Sept. 27, 1976.

Joel S. Perr, Pittsburgh, for appellant.

Robert L. Eberhardt, Robert L. Campbell, Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This opinion deals with two separate appeals by the same party. Although the facts and the issues raised in both cases are highly similar, different crimes, victims, lineups, suppression hearings and trials, all on different dates, are involved. We therefore consider each appeal separately, on its own merits.

APPEAL AT NO. 69
APRIL TERM, 1975

■ The appellant was convicted by a jury of rape [1] and statutory rape.[2] Following the denial of post-trial motions, appeal was duly taken to this court.

The first point of error raised by the appellant is that a pre-trial lineup identification was improperly admitted into evidence against him. Appellant contends that he was denied his constitutional right to the presence of counsel at this lineup,[3] and that the resulting identification should have been suppressed. Appellant advanced the same argument at the suppression hearing in this case. The suppression court, after hearing extensive testimony from the victim and the officers involved in the lineup, as well as receiving evidence regarding the height, weight, color, hair style and clothing of the other lineup participants, decided that the lineup identification was admissible because the lineup itself had been fair and had produced no prejudice to the appellant. The court was clearly not convinced that the appellant had waived his right to counsel at lineup, but found the police conduct in this case to be a "technical violation" not requiring suppression because the lineup itself was "fundamently fair."

In *Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974), our supreme court defined the right to lineup counsel in this state, holding that "the policy behind the *Wade* rule applies with equal force to all confrontations conducted after arrest." 458 Pa. at 171, 320 A.2d

---

1. 18 Pa.C.S. § 3121.

2. 18 Pa.C.S. § 3122.

3. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974).

at 353. Thus the denial of counsel at a post-arrest line-up is an error of constitutional dimension.

In *Gilbert v. California*, 388 U.S. 263, 87 S.Ct 1951, 18 L.Ed.2d 1178 (1967), the United States Supreme Court reviewed a case where testimony concerning identifications which were the result of an uncounselled line-up was admitted against the defendant at trial. The Court stated therein:

"[t]hat testimony is the direct result of the illegal line-up 'come at by exploitation of [the primary] illegality.' . . . The State is therefore not entitled to an opportunity to show that that testimony had an independent source. Only a *per se* exclusionary rule as to such testimony can be an effective sanction to assure that law enforcement authorities will respect the accused's constitutional right to the presence of his counsel at the critical lineup." 388 U.S. at 272–73, 87 S.Ct. at 1957.

Further, the Court directed that the appellant was entitled to a new trial unless the state supreme court was able to find that the admission of the unconstitutional lineup identification was " 'harmless beyond a reasonable doubt' " *Gilbert, supra*, at 274, 87 S.Ct. 1951. On the facts before us, we cannot state that the introduction of the constitutionally defective lineup identification at trial was harmless.

██ Prior to retrial of this case, a suppression court should determine if the victim's ability to identify appellant is independent of the aforementioned illegal lineup. If such an independent basis is established, this opinion constitutes no bar to an in-court identification of appellant by the victim on retrial.

The judgment of sentence of the lower court is reversed and the case is remanded for a new trial.

APPEAL AT NO. 160
APRIL TERM, 1975

This is an appeal from judgment of sentence entered, after a jury trial, on convictions of rape,[5] sodomy[6] and pointing a firearm.[7] Post-trial motions for a new trial and in arrest of judgment were filed, argued and subsequently denied.

The only alleged error raised in this appeal is the admission of an in-court identification of the appellant by the rape victim. Appellant contends that no independent basis for this identification was shown. Appellant apparently assumes that this court will accept without question his characterization of the lineup identification in his case as "illegal," for he does not raise this issue in this appeal. We do not, however, adopt the appellant's view. The lineup identification involved herein was found to be admissible by the suppression judge, the trial judge was of identical persuasion, and this was the sole issue argued by the appellant on post-trial motions. It is only after the primary illegality of the lineup is established that questions of "taint" and "independent basis" as to the in-court identification become relevant. Because of our decision on the legality of the lineup involved herein, we do not reach the issue appellant has raised.

At the suppression hearing on this case, the appellant sought to have a lineup identification by the victim excluded, contending that he had been denied his right to have counsel present at the lineup. At the conclusion of the testimony, the suppression judge stated:

"[f]irst of all it's a question of credibility. The officers have testified here that they requested whether

5. Act of June 24, 1939, P.L. 872, § 721, *as amended*, Act of May 12, 1966, Special Sess. No. 3, P.L. 84, § 1 (18 P.S. § 4721). The arrest which is relevant to this appeal took place prior to the effective date of the Crimes Code.

6. Act of June 24, 1939, P.L. 872, § 501 (18 P.S. § 4501).

7. Act of June 24, 1939, P.L. 872, § 716 (18 P.S. § 4716).

or not he is willing to submit to a lineup without an attorney. The testimony was direct that he was willing to submit to such a lineup. . . . Now, the mere fact that counsel was not present and the accused is willing to make or submit to a lineup without the presence of counsel is not a violation of any rights that the accused has." [N.S.T. 88, 89].[8]

The suppression court thus resolved the credibility question in favor of the police, found that the appellant had properly waived his right to counsel at the lineup and held the resulting identification admissible.

The trial judge reviewed this issue in his supporting opinion and reached the same conclusion. He indicated that the evidence supported a finding of waiver, and also that the waiver met the standards set in *Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974), the defendant having been adequately informed of the charges against him.

Here, the officers present at the lineup testified, at suppression and at trial, that shortly before the lineup appellant was read his *Miranda* rights and his lineup rights and acknowledged his understanding of both. The testimony further states that appellant asked to talk with his attorney, and an attempt was made to reach her by phone. When it appeared that his attorney was unavailable, the police asked appellant if he was willing to proceed without presence of counsel and he agreed to do so. It is clear from the record, and undisputed by appellant, that he was aware of at least the general nature of the charges against him and the purpose of the lineup.

The above-recounted testimony, if believed, would be sufficient to establish a valid waiver. The suppression court, having heard the testimony of both appellant and

8. Notes of suppression testimony.

14

the officers involved, was clearly in the best position to decide this issue of credibility. *Commonwealth v. McIntyre*, 451 Pa. 42, 310 A.2d 832 (1975).

The judgment of sentence of the lower court is affirmed.