380 A.2d 373

**COMMONWEALTH of Pennsylvania**

v.

**Nathaniel TUGGLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided Dec. 2, 1977.

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County, Criminal Division, by the defendant-appellant, Nathaniel Tuggle, after conviction in a jury trial of theft of a movable object (purse snatching).

The defendant seeks dismissal of the charges against him under Pennsylvania Rules of Criminal Procedure, Rule 1100. The Commonwealth filed a petition for extension on the 179th day, October 21, 1975, stating that the case could not be reached because of the unavailability of a trial judge. The court granted the extension to October 24, 1975, when

the trial began. This complied with Rule 1100 of the Pennsylvania Rules of Criminal Procedure. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

A more serious issue is raised by this appeal. It is the failure of the court below to quash the indictments because the appellant was not represented by counsel at either the preliminary hearing at which the appellant testified or the arraignment.

The record indicates that no waiver was signed at the District Justice's office nor that the appellant acquiesced in proceeding without counsel. The record discloses confusion on everyone's part as to appellant's wishes regarding the question of representation or continuance to secure counsel as there was more than one preliminary hearing with the same defendant on different days. No attempt was apparently made to secure a waiver or have the same recorded so as to protect the record.

The preliminary hearing is a critical stage of the proceedings and, under the circumstances of this case, the appellant was effectively denied the benefit of counsel, therefore his constitutional rights were violated. *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

Judgment of sentence is reversed and the defendant discharged.

PRICE, J., files a concurring opinion.

JACOBS and HOFFMAN, JJ., dissent and would grant a new trial.

PRICE, Judge, concurring:

Appellant asserts that his right to a speedy trial under Pa.R.Crim.P. 1100 was violated.[1] I agree with appellant's

---

1. Appellant also contends (1) that he was denied assistance of counsel and (2) that the testimony produced by the Commonwealth as to identification was insufficient to support the verdict.

contention and would therefore dismiss the charges against him.

The record reveals that a complaint was lodged against appellant on April 25, 1975. Under the mandate of Pa.R. Crim.P. 1100(a)(2),[2] the Commonwealth was required to bring appellant to trial within 180 days. On October 21, 1975, one day prior to the expiration of the mandatory period, the Commonwealth applied to the court below for an extension of time to commence trial, alleging that appellant could not be tried within 180 days because of an overcrowded court docket. On October 24, 1975, prior to commencing a hearing on several motions which had been reserved for trial, the court below focused its attention upon appellant's petition to dismiss the charges under Pa.R.Crim.P. 1100(f).[3] At that time, an assistant district attorney informed the court below that a petition to extend had previously been filed by the Commonwealth. The assistant district attorney also procured a copy of the petition for defense counsel who was unaware that such a petition had been filed.[4] The court below then ascertained that the Commonwealth's petition to extend had been timely filed, concluding *on that basis alone*, that the appellant's motion to dismiss should be denied. Specifically, the court below stated:

"So the application was before the Court in a timely fashion under Rule 1100 Subsection C. And now there is a rule returnable and you can sign with that and I believe you [defense counsel] just conformed your copy, . . .,

**2.** Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

**3.** Although the record does not show when appellant's petition to dismiss was filed, the Commonwealth does not contend that the petition was untimely.

**4.** When defense counsel protested to the court below that he had not received a copy of the petition to extend, the assistant district attorney conceded that: "They might have put it in the mail to [defense counsel]. And he might not have gotten it and received it yet."

and that is a rule returnable on October 31, 1975, at 9:30 a.m. and I have signed it on behalf of the Court.[5]

So therefore your motion to dismiss charges of prejudice [sic] based upon Rule 1100 is hereby denied."

I would reject the action of the court below. The validity of a petition to extend does not rest solely upon the timeliness of the petition. Under Pa.R.Crim.P. 1100(c), a petition to extend shall be granted " . . . only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Here, the lower court assumed, but did not find, that the Commonwealth exercised due diligence in bringing the appellant to trial. By so doing, the lower court erred. A petition to extend may be granted by the trial court only if a Commonwealth demonstration of due diligence is supported by the record. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). Moreover, Pa.R.Crim.P. 1100(c) also requires, in pertinent part, that: "A copy of [the application to extend] shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon." In the instant case, the court below failed to allow the appellant an opportunity to contest the assertions contained in the Commonwealth's petition to extend. By so doing, the court below again erred. Since the mandatory period has expired, and all periods of delay beyond the mandatory period were not " ' . . . either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] . . . ,' " *Commonwealth v. Shelton*, 469 Pa. 8, 14, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 496, 350 A.2d 872, 874 (1976), I believe we must discharge the appellant.

**5.** A rule to show cause why the Commonwealth's petition to extend should not be granted was ordered by the court below then the Commonwealth's petition to extend was filed. The court below, however, failed to sign and issue the order. The act of the court below in signing the order on October 24, was illusory since the court below had no intention of conducting a hearing on October 31, 1975.

I would reverse the judgment of sentence and discharge appellant.