384 A.2d 1292

**COMMONWEALTH of Pennsylvania**

v.

**Foster Lee TARVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided April 13, 1978.

Mark S. Frank, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

■ Appellant contends that he was denied his right to effective assistance of counsel because: (1) the court appointed counsel too late for him to prepare a defense, (2) appellant's counsel failed to object to the improper procedure of having a state trooper sign the complaint rather than personnel from the Bureau of Corrections, (3) trial

counsel did not open to the jury, (4) the court appointed counsel too late for him to appear at a pre-trial conference.[1] We reverse and remand for further proceedings consistent with this opinion.

On February 26, 1973, the grand jury of Allegheny County returned an indictment against appellant which charged him with prison breach.[2] On November 5, 1973, the court disposed of several pre-trial motions advanced by appellant's co-defendants and on November 7, 1973, following the denial of appellant's pre-trial motions, a jury trial commenced. The jury found appellant guilty as charged. The court denied appellant's post-verdict motions and sentenced appellant to a five to ten year term of imprisonment to begin at the expiration of any sentence appellant was then serving. On direct appeal, our Court affirmed appellant's judgment of sentence in a *per curiam* order, 232 Pa.Super. 751, 337 A.2d 871 (1975), and the Supreme Court denied appellant's allocatur petition in a *per curiam* order dated July 17, 1975.

On April 7, 1976, appellant filed a Post Conviction Hearing Act petition raising several allegations including the denial of his Sixth Amendment right to effective assistance of

1. In his Post Conviction Hearing Act petition, Act of Jan. 25, 1966, P.L. (1965) 1580, § 1, eff. Mar. 1, 1966; 19 P.S. § 1180–1 et seq.; appellant also alleges as independent grounds for relief: (1) the denial of his due process right to confrontation because of the Commonwealth's failure to comply with a Bureau of Corrections administrative regulation requiring Bureau personnel to sign complaints in prosecutions for prison breach; (2) the denial of due process of law when his co-defendant called witnesses clad in prison garb. To be eligible for relief under the Act a petitioner must prove that a constitutional error exists and that his conviction and sentence have not been finally litigated or waived. An issue is waived if petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue and there is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure. PCHA; 19 P.S.Appendix. In the instant case, appellant has failed to allege any extraordinary circumstances which would justify its failure to raise these issues on direct appeal. Consequently, these issues are waived.

2. The Penal Code, Act of June 24, 1939, P.L. 872, § 309; July 29, 1953, P.L. 1445, § 1; July 12, 1961, P.L. 575, § 1; 18 P.S. § 4309.

counsel.[3] Following a hearing on August 31, 1976, at which appellant was represented by new counsel, the lower court denied appellant's request for relief. This appeal followed.

 Initially, appellant contends that his counsel did not have adequate time to discuss the case with him and to prepare a defense. Therefore, he argues that his counsel's trial representation was ineffective.[4]

Case law is clear that mere shortness of time in the preparation of a defense or in conference with a client does not per se constitute ineffective assistance of counsel. *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973); *Commonwealth v. Mayhugh*, 233 Pa.Super. 24, 336 A.2d 379 (1975). Moreover, "[t]o find an abridgment of the right to effective assistance of counsel this Court must take an independent review of the record . . . to determine whether an accused's rights have been adequately protected. *Commonwealth v. Pride*, 450 Pa. 557, 301 A.2d 582 (1973)." *Mayhugh*, supra, 233 Pa.Super. at 32, 336 A.2d at 383.

 In the instant case, the notes of testimony reveal that appellant did have the opportunity to consult with counsel two days prior to trial and the court agreed that appellant could present his pre-trial motions orally on the day of trial. Given this factual background, we believe that appellant had adequate opportunity to consult with counsel and to prepare a defense. Additionally, we have reviewed the record and

3. In *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Supreme Court held that the Sixth Amendment right to counsel in the United States Constitution is applicable to the states through the Fourteenth Amendment.

4. Ineffective assistance of prior counsel must be raised at the earliest stage in the proceedings at which counsel whose effectiveness is being challenged no longer represents the defendant, *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Smallwood*, 465 Pa. 392, 350 A.2d 822 (1976). In the instant case, counsel from the Public Defenders office represented appellant at trial and on direct appeal. We cannot expect a Public Defender to argue vigorously that a fellow Defender was ineffective. *See, Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976). Because appellant is represented for the first time at PCHA by counsel other than the Public Defender, we find that appellant has properly preserved the issue of trial counsel's ineffectiveness.

we find that appellant's counsel vigorously represented him at trial.

Appellant also contends that his trial counsel was ineffective for failing to challenge the signature on the criminal complaint. Trooper Majewicz of the Pennsylvania State Police signed the complaint against appellant as the affiant. Appellant asserts that under regulations issued by the Bureau of Corrections, complaints in prosecutions for escape shall be signed by Bureau of Correction personnel. Pa.Bulletin Vol. 1, No. 60. Appellant argues that trial counsel's failure to challenge the incorrect signature resulted in the denial of his federal constitutional due process rights to confront and cross-examine his accusers.

We note that prior to trial, appellant's attorney did join in a motion to quash the indictment based upon the incorrect signature on the complaint. The lower court denied the motion. Appellant does not contend that his attorney was ineffective for failing to raise this issue on direct appeal. He has, therefore, not properly raised this contention for our review. *See Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

Appellant contends that his counsel was ineffective for failing to make an opening statement to the jury. "Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Wilks*, 250 Pa.Super. 182, 192, 378 A.2d 887, 891 (1977). The decision of whether to make an opening statement to the jury is particularly within the realm of trial strategy. Moreover, at the PCHA hearing in the instant case, trial counsel stated that because co-defendant's counsel had just made an opening statement, any further remarks to the jury would only be repetitive. Therefore, counsel's decision was reasonably calculated to effectuate his client's interests.

Finally, appellant argues that he was denied his federal constitutional right to effective counsel at a critical stage in the proceedings. Specifically, he alleges that due to a late

appointment, counsel could not attend a pre-trial conference held pursuant to Pa.R.Crim.P. 311, 19 P.S. Appendix. The Sixth Amendment guarantee provides that: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." The cases have construed the right to counsel to apply to 'critical stages' of the proceedings. As early as *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the Supreme Court recognized that the period from arraignment to trial was perhaps the most critical period of the proceedings during which the accused requires that guiding hand of counsel if the guarantee is not to prove an empty right. In *U. S. v. Wade*, 388 U.S. 218, 227–228, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1967), the Supreme Court discussed the right to counsel and stated:

"It is central to that principle that in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial. The security of that right is as much the aim of the right to counsel as it is of the other guarantees of the Sixth Amendment—the right of the accused to a speedy and public trial by an impartial jury, his right to be informed of the nature and cause of the accusation, and his right to be confronted with the witnesses against him and to have compulsory process for obtaining witnesses in his favor. The presence of counsel at such critical confrontations, as at the trial itself, operates to assure that the accused's interests will be protected consistently with our adversary theory of criminal prosecution. Cf. *Pointer v. State of Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

In sum, the principle of *Powell v. Alabama* and succeeding cases requires that we scrutinize *any* pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself. It calls upon us

to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." (footnotes omitted) (emphasis in original).

In *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the Supreme Court addressed the question of when counsel is required in criminal proceedings. It framed the inquiry as follows: counsel is required when substantial rights of a criminal accused may be affected. *See also* *Massiah v. U. S.*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); *White v. Maryland*, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).

Subsequently, in *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the Supreme Court scrutinized an Alabama preliminary hearing to determine whether it was a critical stage of the criminal proceeding. The Court found that although not a required step in an Alabama prosecution, the accused was entitled to counsel at the preliminary hearing because only an attorney could properly protect the accused's right to a fair trial. In reaching its determination that the preliminary hearing was a critical stage in the proceedings, the Court focused on whether potential substantial prejudice to defendant's rights inheres in the confrontation and the ability of counsel to help avoid that prejudice. The Supreme Court then remanded the case to the Alabama courts for a determination whether the denial of counsel at the preliminary hearing was harmless error under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Recently, in *Moore v. Illinois*, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977), the Supreme Court again addressed the issue of whether an accused is entitled to counsel at a preliminary hearing. Appellant wished to suppress an identification that occurred at the hearing. The Supreme Court held that under the Sixth and Fourteenth Amendments, appellant was entitled to counsel at the preliminary hearing. The Court remanded the case for a determination of whether the failure to exclude the out-of-court identification was harmless error under *Chapman v. California*, supra.

Pennsylvania cases have employed the standards as enunciated in *Wade, Mempa,* and *Coleman,* supra, to determine when counsel is required. In *Commonwealth v. Johnson,* 428 Pa. 210, 236 A.2d 805 (1968), our Supreme Court held that sentencing is a critical stage of the proceedings because there were opportunities present for action by counsel designed to foster his client's interests. Other cases in this Commonwealth have addressed this issue and have held that a critical stage existed at which counsel's presence was required.[5] More recently in *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 17, 314 A.2d 842 (1973), our Supreme Court held that a defendant is entitled to the assistance of counsel at a parole revocation hearing. The Court stated "[i]t is well-settled that the assistance of counsel '. . . is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected.'" Consequently, we must determine whether substantial rights of the criminal accused may be affected. Specifically, our inquiry must focus on the potential substantial prejudice to defendant's rights at the pre-trial conference and the ability of counsel to help avoid that prejudice.

In the instant case, appellant contends that the pretrial conference was a critical stage of the proceedings at which he was unrepresented by counsel. Under Pa.R. Crim.P. 311, "at any time after information or indictment, upon application, or upon its own motion, the court may order the attorneys to appear before it for a conference in open court, unless agreed by the defendant to be in chambers, at which time the defendant shall be present to consider:

"(1) the simplification or stipulation of factual issues, including admissibility of evidence;

---

**5.** *Commonwealth ex rel. Mullins v. Maroney,* 428 Pa. 195, 236 A.2d 781 (1968) (entry of guilty plea and sentencing are both critical stages of the proceedings); *Commonwealth ex rel. Fairman v. Cavell,* 423 Pa. 138, 222 A.2d 722 (1966) (accused entitled to counsel at every critical stage of criminal prosecution); *Commonwealth ex rel. Remeriez v. Maroney,* 415 Pa. 534, 204 A.2d 450 (1964) (sentencing is a critical stage of the proceeding at which appellant must be represented by counsel).

"(2) the qualification of exhibits as evidence to avoid unnecessary delay;

"(3) the number of witnesses who are to give testimony of a cumulative nature;

"(4) the defense of alibi or insanity may be considered and appropriate rulings may be made; and

"(5) such other matters as may aid in the disposition of the proceeding."

The Comment to the Rule enumerates 15 additional topics for pretrial conference consideration with the note that the list is suggestive not exhaustive.[6] The pre-trial conference is not a mandatory part of the criminal prosecution in Pennsylvania; it may be called at the discretion of the judge. However, the rule itself states that if a pre-trial hearing is conducted, a defendant must be represented by counsel. It is clear that in Pennsylvania the entire trial procedure from voir dire to closing argument may be dis-

---

**6.** The fifteen topics are as follows:

"(1) All applications relating to the case or cases involved.

"(2) The establishing of the time and place of the offense charged and the corpus delicti.

"(3) The qualifying of pictures, documents, confessions, records or the like as evidence.

"(4) The obtaining of admissions of fact.

"(5) Pleas to various counts in the indictment; and whether or not the jury should be informed of such pleas.

"(6) The nolle pros or other disposition of some counts of the indictments.

"(7) All objections or defenses which are capable of determination before trial.

"(8) Whether or not defense of alibi, of insanity, or other defenses will be raised at the trial.

"(9) The determination of the suppression or return of evidence.

"(10) Whether or not there shall be any severance as to defendants or as to indictments or counts thereof and the feasibility of having a duplicate copy of the indictment prepared and given to the jury.

"(11) The number of counsel who are to participate and examine witnesses.

"(12) The order or procedure where there are more than one defendant.

"(13) The length and number of addresses of counsel.

"(14) The number of challenges of jurors.

"(15) The procedure on voir dire, if pertinent."

cussed and agreed upon in a pre-trial conference. The most important aspects of trial strategy and tactics, including admissions of fact, qualification of evidence, severance, and possible defenses, may be resolved during this conference. In sum, in Pennsylvania, the potential scope of a pre-trial conference is almost limitless and important trial issues may be decided during the conference. Due to the potential effect of a pre-trial conference upon the ensuing criminal trial, counsel's ability to represent his client effectively at trial may be severely hindered by his absence from the conference. We believe that a pre-trial conference is a critical stage of the proceedings in which potential substantial prejudice to defendant's rights inheres and that the guiding hand of counsel is required to help avoid that prejudice.

In the instant case, the trial transcript reveals that appellant was unrepresented at the hearing, while the district attorney and co-defendants' counsel were present. Based upon our holding today, appellant was entitled to have counsel present at the pre-trial conference. However, our inquiry does not end with the finding that a pre-trial conference is a critical stage. The record does not indicate what occurred at the pre-trial conference and how decisions reached at that time may have impaired the effectiveness of counsel's representations at trial. Consequently, we must remand the case to the lower court for a determination of whether the denial of counsel at the pre-trial conference was harmless error beyond a reasonable doubt.[7] *Moore v. Illinois*, supra; *Chapman v. California*, supra; see also *Coleman v. Alabama*, supra; *Commonwealth v. Laws*, 474 Pa. 318, 378 A.2d 812 (1977).

Case remanded for further proceedings consistent with this opinion.

VAN der VOORT, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

7. The lower court must first make an on-the-record determination of what occurred at the pre-trial conference.