412 A.2d 614

**COMMONWEALTH of Pennsylvania**

v.

**Lee C. FOWLER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Oct. 19, 1979.

Petition for Allowance of Appeal Denied May 5, 1980.

---

140

George B. Ditter, Assistant Public Defender, Norristown, for appellant.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, Norristown, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order revoking parole.

In 1975, appellant pleaded guilty to various charges and was sentenced to a term of imprisonment. On September 2, 1977, he was paroled. On either March 19 or 21, 1978 (the record is unclear), while still on parole, appellant was arrested on new charges, and a parole violation detainer was lodged against him. A preliminary hearing on the new charges was scheduled for March 29, but was continued until April 18 because appellant wished to retain private counsel. On April 18, appellant again appeared without counsel. Nevertheless, the district justice held the preliminary hearing and bound appellant over for trial.

On May 26, 1978, a parole revocation hearing was held at which appellant was represented by the public defender. The defender argued that the April 18 preliminary hearing had been a nullity because appellant had not been represent-

ed by counsel, and therefore appellant's parole could not be revoked. When the hearing judge rejected this argument, the defender stipulated that, if presented, the Commonwealth's proof would be sufficient to establish a parole violation. The district attorney then summarized the testimony of his potential witnesses, and on the basis of the facts contained in the summary, and appellant's stipulation, the lower court revoked appellant's parole. The only argument appellant makes on appeal is the argument that was made to the hearing judge.[1]

Due process requires that parole revocation proceedings proceed in two steps: a preliminary, or *Gagnon I*, hearing, to determine whether there is probable cause to believe that the parolee has committed a violation; and a final, or *Gagnon II*, hearing, to determine whether parole should be revoked.[2] *Commonwealth v. Perry*, 254 Pa.Super. 48, 385 A.2d 518 (1978). At the *Gagnon I* hearing, the parolee "is entitled to notice of the alleged violations of . . . parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing." *Commonwealth v. Davis*, 234 Pa.Super. 31, 39, 336 A.2d 616, 621 (1975). *See also Commonwealth v. Stratton*, 235 Pa.Super. 566, 344 A.2d 636 (1975); *Commonwealth v. Henderson*, 234 Pa.Super. 498, 340 A.2d 483 (1975). Furthermore, the parolee is entitled to effective assistance of counsel throughout the parole revocation proceedings. *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973); *Commonwealth v. Vasquez*, 255 Pa.Super. 545, 389 A.2d 111 (1978); *Commonwealth v. Tar-*

---

**1.** Since appellant made this argument at the beginning of the May 26 parole revocation hearing, it is preserved for appeal. *Commonwealth v. Perry*, 254 Pa.Super. 48, 385 A.2d 518 (1978).

**2.** Here the preliminary hearing conducted pursuant to Pa.R.Crim.P. 141 on the charges for which appellant was arrested in March 1978 served as the *Gagnon I* hearing. *See Commonwealth v. Davis*, 234 Pa.Super. 31, 43, 336 A.2d 616, 622 (1975).

*ver,* 253 Pa.Super. 185, 384 A.2d 1292 (1978); *cf.* 16 P.S. § 9960.6(10) (Supp. 1978–79).[3]

Given these principles, appellant's argument may be stated as follows: Appellant was entitled to counsel at the April 18 preliminary hearing. However, the district justice proceeded without counsel being present. The hearing was therefore a nullity. Since the hearing was a nullity, it could not serve as a *Gagnon I* hearing. Without a *Gagnon I* hearing, parole may not be revoked.

It will be observed that the soundness of this argument depends upon whether in fact appellant was entitled to counsel at the April 18 preliminary hearing. The Commonwealth contends that he was not, because he waived counsel. According to the Commonwealth, therefore, the preliminary hearing could, and did, serve as a *Gagnon I* hearing.

■ One accused of crime may waive counsel. However:

To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered. *Commonwealth v. Hauser,* 265 Pa.Super. 135, 401 A.2d 837 (1979), *quoting Von Moltke v. Gilles,* 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948).

*See also Commonwealth v. Davis,* 479 Pa. 274, 388 A.2d 324 (1978); *Commonwealth v. Glover,* 247 Pa.Super. 465, 468, 372 A.2d 919, 921 (1977) (SPAETH, J., concurring).

■ The record transmitted to us on appeal does not contain the district justice's transcript of the preliminary

**3.** In this respect Pennsylvania law goes further than the United States Constitution. *See Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

hearing.  *See* Pa.R.Crim.P. 146.[4]  Consequently, we are unable to determine whether appellant validly waived counsel at that hearing.  At the May 26 parole revocation hearing, the hearing judge did state for the record that appellant's file indicated

> that he was advised of his right or applied for assignment of counsel.  He requested a public defender.  A public defender was provided for him but then the first time this hearing was scheduled 3/29/78 he said he wanted private counsel.
>
> On 4/18/78 the private attorney to whom he referred did not appear.  So he spurned the public defender and the counsel he specified did not appear.

N.T. at 9.[5]

However, the judge did not state whether he was reading verbatim from the district justice's transcript, or whether he was summarizing.  If the judge was reading verbatim, the record was insufficient to show that the requirements of *Von Moltke v. Gilles, supra,* had been met.  If the judge was summarizing, the possibility exists that the record does show that the requirements were met.[6]

Pa.R.A.P. 1921 states:

4.  Nor does it indicate whether the testimony at the hearing was recorded and the notes transcribed.

5.  At the May 26 hearing, the public defender also stated for the record his understanding of what happened at the April 18 preliminary hearing:

> Now it is my understanding of what happened was that at the first hearing [appellant] indicated he had private counsel, private counsel did not appear and District Justice Adams obtained a public defender for him which he chose not to use.  I think that basically is his right if he is going to use a private attorney.  The second hearing came and again private counsel did not appear.  At that point District Justice Adams proceeded to the hearing.  I don't know at that point whether there was any consultation with our office or not.  But in any event the hearing proceeded without counsel.
>
> N.T. at 10.

6.  In this regard it should be noted that the Commonwealth does not claim that the requirements of *Von Moltke* were met but rather that appellant's refusal to accept court-appointed counsel and failure to secure the appearance of other counsel constituted a valid waiver.

### Composition of Record on Appeal

The original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases.

Pa.R.A.P. 1931 states:

### Transmission of Record

(a) *Time for Transmission.* The record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the appellate court within 40 days after the filing of the notice of appeal. . . .

While it is true that "a defendant 'clearly cannot be permitted to utilize his right to choose his own counsel so as *unreasonably* to clog the machinery of justice and hamper and delay the state in its efforts to do justice with regard both to him and to others whose rights to a speedy trial may thereby be affected,'" *Commonwealth v. Baines*, 480 Pa. 26, 31, 389 A.2d 68, 70 (1978), *quoting Commonwealth v. Robinson*, 468 Pa. 575, 592–93, 364 A.2d 665, 674–75 (1976) (original emphasis), a court is still not empowered to require a defendant to proceed without counsel at a critical stage of a criminal prosecution without first ascertaining that the defendant is aware of the dangers of *pro se* representation and then affording him the opportunity to reconsider his decision to proceed *pro se.* The Commonwealth's citation of *Commonwealth v. Shaffer*, 475 Pa. 256, 380 A.2d 341 (1977), is inapposite. In *Shaffer*, the Supreme Court held that the defendant waived his right to a counseled appeal when he chose to be represented by a prison law clinic, a para-professional organization, rather than his trial attorney. In the present case, there is no indication of record that appellant was represented by anyone other than himself at the preliminary hearing.

In *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978), the Supreme Court held that a lower court's wrongful denial of a defendant's right to counsel of his own choosing at a suppression hearing may be harmless error. In *Holzer*, however, the defendant was competently represented by court-appointed counsel at the suppression hearing and he failed to show that he was prejudiced by the court's action. We are unwilling to assume, at least on a partial record, that the Supreme Court would extend the holding in *Holzer* to encompass a case where the defendant was totally without counsel. Moreover, in a closely analogous case, we have not applied the harmless error test where a defendant was denied his right to counsel at a preliminary hearing. *Commonwealth v. Tuggle*, 251 Pa.Super. 54, 380 A.2d 373 (1977).

(b) *Duty of the lower court.* After a notice of appeal has been filed the judge who entered the order appealed from . . . shall cause the official court reporter to comply with Rule 1922 (transcription of notes of testimony) . . . and shall take any other action necessary to enable the clerk to assemble and transmit the record as [provided] by this rule.

(c) *Duty of clerk to transmit the record.* When the record is complete for purposes of the appeal, the clerk of the lower court shall transmit it to the prothonotary of the appellate court. . . .

Here, because the complete record of this case has not been assembled and transmitted to this court, we are constrained to remand that part of the record that we have to the lower court for completion. On remand, all documents relating to appellant's arrest in March 1978, his preliminary arraignment, and his two preliminary hearings—the hearing scheduled for March 29 but continued, and the hearing held on April 18—shall be added to the documents originally transmitted to us. Once the record is complete, it shall again be transmitted to this court pursuant to Pa.R.A.P. 1931, after which a decision on the merits will be rendered.

So ordered.

PRICE, J., concurs in the result.