419 A.2d 34

**COMMONWEALTH of Pennsylvania**

v.

**Lee C. FOWLER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Feb. 1, 1980.

George B. Ditter, Assistant Public Defender, Norristown, for appellant.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, Norristown, for Commonwealth.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order revoking parole. In considering this appeal previously, we discovered that the record that had been transmitted to us did not include the district justice's transcript of appellant's *Gagnon* I hearing, and that this omission hindered our consideration of the issues raised. We therefore remanded the record to the lower court for completion. *Commonwealth v. Fowler*, 271 Pa.Super. 138, 412 A.2d 614 (1979). The lower court has since completed the record, and we now dispose of the appeal on the merits.

█ The procedural history of this case is related in our prior opinion. As noted there, the only issues before this court are whether appellant validly waived his right to assistance of counsel at his *Gagnon* I hearing, and if not, whether the denial of counsel at the hearing can be deemed

harmless error beyond a reasonable doubt. The district magistrate's transcript of the *Gagnon* I hearing contains no suggestion that appellant wished to waive his right to counsel at the hearing, much less that appellant's purported waiver was valid. The transcript states only: "Neither Private Attorney contacted by defendant appeared for him at Pre. Hrg. 04–18–78." *See Commonwealth v. Fowler, supra*, for the requirements of valid waiver of assistance of counsel. Since the record does not demonstrate that appellant waived his right to assistance of counsel at the hearing, we must conclude that he did not waive his right, and that the district magistrate erred in requiring appellant to proceed uncounseled. *See Commonwealth v. Hauser*, 265 Pa. Super. 135, 401 A.2d 837 (1978); *Commonwealth v. Barnette*, 445 Pa. 288, 285 A.2d 141 (1971); *Commonwealth ex rel. Gordon v. Myers*, 424 Pa. 352, 227 A.2d 640 (1967) (waiver of counsel must be of record).

In our prior opinion we hesitated to hold that an unlawful denial of assistance of counsel at a *Gagnon* I hearing can ever be deemed error harmless beyond a reasonable doubt. *See Commonwealth v. Fowler, supra*, 271 Pa. Super. at 143–144 n.6, 412 A.2d at 616 n.6. Upon further consideration, we conclude that such error may, in some cases, be harmless, and that reversal of a subsequent parole revocation is not always necessary. Such a conclusion harmonizes with a long line of decisions rendered by this court and the Supreme Court holding that the denial of counsel in critical pre–trial proceedings will not result in the reversal of a subsequent conviction if the error is harmless beyond a reasonable doubt. *See Commonwealth v. Jones*, 452 Pa. 569, 308 A.2d 598 (1973) (denial at arraignment); *Commonwealth v. Tarver*, 253 Pa.Super. 185, 384 A.2d 1292 (1978) (denial at pre–trial conference); *Commonwealth v. Rines*, 247 Pa.Super. 429, 372 A.2d 901 (1977) (denial at preliminary hearing); *Commonwealth v. Wright*, 242 Pa.Super. 8, 363 A.2d 1133 (1976) (denial at post–arrest line–up); *Commonwealth v.*

*Thomas,* 229 Pa.Super. 116, 324 A.2d 527 (1974) (denial at post–arrest line–up and preliminary hearing) (dictum); *Commonwealth v. Redshaw,* 226 Pa.Super. 534, 323 A.2d 92 (1974) (denial at preliminary hearing). *See also Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). *Commonwealth v. Tuggle,* 251 Pa.Super. 54, 380 A.2d 373 (1977), cited in our prior opinion in this case, is not necessarily contrary to the above line of cases.* Although the court in *Tuggle* did not discuss whether the denial of counsel at the preliminary hearing in that case was harmless beyond a reasonable doubt, it is impossible to determine from the court's opinion whether or not the defendant had been prejudiced.

In the present case, appellant has not alleged that he was prejudiced by the absence of counsel at the *Gagnon* I hearing, and we fail to discern the possibility of prejudice from the record. Appellant was represented at the *Gagnon* II hearing by counsel who (the record amply demonstrates) was familiar with the facts and procedural history of appellant's case. Based upon his knowledge, counsel stipulated to the Commonwealth's proof of a parole violation. It is clear that appellant's ability to defend himself against the charges at the *Gagnon* II hearing was not impaired in any way by the denial of counsel at the *Gagnon* I hearing. Moreover, we reject appellant's argument that the denial of counsel rendered the *Gagnon* I hearing a nullity. The denial of counsel made the hearing procedurally infirm, not a nullity.

The order of the lower court is affirmed.

---

* It may be noted that *Tuggle* is apparently inconsistent with earlier decisions to the extent that it discharged the defendant because of the denial of counsel at the preliminary hearing. In *Commonwealth v. Rines, supra,* the court held that the remedy for the denial of counsel at a preliminary hearing depends upon the specific prejudice caused thereby, and that in most instances a defendant will not be entitled to have the indictment quashed. *See also Commonwealth v. Markle,* 239 Pa.Super. 505, 361 A.2d 826 (1976); *Commonwealth v. Sawyer,* 238 Pa.Super. 213, 357 A.2d 587 (1976); *Commonwealth v. Redshaw, supra.*