140

Charles Hill, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 2, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harvey B. Reeder,* for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and LeRoy S. Zimmerman, Attorney General, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, May 6, 1985:

This is an appeal by Charles Hill who petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board recommitment order. That recommitment order revoked his parole and returned him to prison as a convicted parole violator to serve the entire remaining balance of his original Blair County robbery[1] sentence.

The facts of this case are not in dispute. Hill was initially sentenced to a term of five to ten years by Judge BRUMBAUGH of the Court of Common Pleas of Blair County following his conviction for robbery. That sentence carried an initial maximum term expiration date of May 11, 1987. The Board granted him parole on that sentence effective May 11, 1982 at which time he was released from the Johnstown Community Service Center (CSC).[2]

---

[1] 18 Pa. C. S. §3701.

[2] Community Service Centers (CSCs) are state-run halfway houses which are operated by the Bureau of Corrections through the various state correctional institutions. The Johnstown CSC from

During the early morning hours of March 6, 1983, Hill's car broke down on a road near Hollidaysburg. A passing motorist, Bradley Houck, observed his plight and stopped to offer assistance. Rather than accepting the assistance offered by this Good Samaritan, Hill commandeered Houck and his vehicle at knifepoint and forced Houck to drive him to various locations throughout Bedford, Blair and Huntingdon Counties. Hill further rewarded his would be benefactor by relieving him of his available cash, totaling $12, and stabbing him twice. Houck managed to escape his captor and notified police. Pennsylvania State Police arrested Hill several hours later, still at the wheel of Houck's vehicle.

Following his arrest, Hill was confined at the Blair County Prison and charged with Aggravated Assault,[3] Terroristic Threats,[4] Recklessly Endangering Another Person,[5] Theft[6] and Unlawful Restraint.[7] The Board lodged its warrant and detainer against him the day of his arrest. On April 26, 1983, Bedford County authorities charged him with Theft and False Imprisonment[8] stemming from those portions of the March 6, 1983 incident which took place in Bedford County. Hill pled guilty to the Bedford County charges on June 3, 1983 and sentencing was deferred. He pled guilty to the Blair County charges on October 12, 1983 and was sentenced the following month to a term of seven to fourteen years. He was later sentenced on the Bed-

---

which Hill was originally paroled is an administrative adjunct of the State Correctional Institution at Huntingdon, where Hill served the initial term of his original Blair County robbery sentence.

[3] 18 Pa. C. S. §2702.

[4] 18 Pa. C. S. §2706.

[5] 18 Pa. C. S. §2705.

[6] 18 Pa. C. S. §3901.

[7] 18 Pa. C. S. §2902.

[8] 18 Pa. C. S. §2903.

ford County charges to a concurrent one and one-half to three year term.

The Board afforded Hill a parole Revocation Hearing before a Board hearing examiner at the State Correctional Institution at Camp Hill (SCI-Camp Hill) on January 26, 1984. Also present at the hearing was SCI-Camp Hill's Institutional Parole Representative (IPR) Aaron S. McCollum. Hill had desired to be represented by counsel, but the Cumberland County Public Defender's Office did not have an attorney available for Hill's parole hearing that day due to a conflicting criminal trial schedule. After a discussion with the hearing examiner and the IPR, Hill chose to waive counsel rather than continue his parole hearing. As a result of that hearing, on March 26, 1984, the Board entered an order which revoked Hill's parole and recommitted him to prison as a convicted parole violator to serve the entire unexpired term of his initial robbery sentence—sixty months.[9] The Board also extended the maximum term expiration date of that robbery sentence to March 21, 1989. Hill filed an administrative appeal with the Board as provided by 37 Pa. Code §71.5(h).[10] The Board denied his administrative appeal on April 23, 1984 and he then filed a timely petition for review with this Court.

[9] The record shows that Hill was also recommitted by the Board as a technical parole violator for violating general parole conditions 5B (possession of a firearm or other weapon) and 5C (engaging in assaultive behavior) whereby the Board revoked his parole and mandated that he serve eighteen months backtime, when available. This order was recorded as a result of a parole Violation Hearing which was held at the Bedford County Prison on May 24, 1983. The record also shows that Hill was represented by counsel at this hearing. We also note that no appeal was ever taken from this order which was recorded on June 27, 1983.

[10] Section 71.5(h) provides that an administrative review by the Board may be requested by the parolee "within 30 days of the entry of the order."

In this appeal, Hill contends that: (1) the Board violated his right to be represented by counsel; (2) the Board violated his due process rights by failing to provide him with sufficient time in which to prepare his defense; and (3) the certified record lodged by the Board lacks proper authentication and cannot be considered by this Court on appeal. We shall deal with these issues *seriatim,* bearing in mind that our scope of review of a Board recommitment order is limited to a determination of whether the Board's findings are supported by substantial evidence, an error of law committed, or whether any of the parolee's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

Initially, we note that while Petitioner is indeed entitled to representation by counsel at a parole hearing and an indigent parolee is entitled to free counsel, *Passaro v. Pennsylvania Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981), Petitioner expressly waived counsel representation at his January 26, 1984 hearing. While he admits waiving counsel, he argues that this waiver was neither knowing nor voluntary and must be held ineffective. We disagree. Our review of the record, including a transcript of Hill's parole Revocation Hearing, satisfies us that the Board has complied with the requirements which we had previously set forth in *Coades v. Pennsylvania Board of Probation and Parole,* 84 Pa. Commonwealth Ct. 484, 480 A.2d 1298 (1984), for effecting a valid waiver of counsel by a parolee. Here, the Board informed Hill of his right to counsel at its hearings and of his right to free counsel, if indigent; it provided him with a copy of its form PBPP-340, Notice of Charges and Hearing, which contains an exten-

sive explanation of the rights due a parolee at a Board Revocation Hearing on the reverse side;[11] it provided Hill with the name and address of the applicable public defender to whom he could apply for legal representation, if indigent, again informing him of his right to counsel at the time of the hearing; and it documented Hill's waiver of counsel by having him execute a Board form PBPP-72, waiver of counsel representation, which was placed in the record. It is clear to us, therefore, that the Board more than satisfied the waiver of counsel requirements spelled out in *Coades* and that the express waiver by the parolee here was both informed and voluntary. *Id.* at 499, 480 A.2d at 1306. Furthermore, pursuant to our ruling in *O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985) and *Brown v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 597, 453 A.2d 1068 (1982), that where a parolee appears at a Board hearing without counsel and desires counsel, the Board is required to grant the parolee reasonable continuances to secure counsel. The hearing examiner offered Hill a continuance of his January 26, 1984 hearing in order to obtain the presence of a public defender. Hill rejected the offered continuance, deciding instead to

---

[11] The entire notice pertaining to the Board's Revocation Hearing was reproduced in our opinion in *Coades,* 84 Pa. Commonwealth Ct. at 497-498 n. 16, 480 A.2d at 1305 n. 16. We also note that Hill was no novice with respect to the Board's parole hearings. The Revocation Hearing held on January 26, 1984 at SCI-Camp Hill was his *third* parole hearing pertaining to the incident of March 6, 1983. He was given a preliminary hearing on technical parole violations on March 15, 1983 and a Violation Hearing on those technical violations on May 25, 1983. Hill also acknowledged to the hearing examiner at the January 26, 1984 Revocation Hearing that he had received his copy of the PBPP-340 and was familiar with the notice on the reverse side.

proceed with the hearing without counsel so that he might obtain a Board decision and commence serving backtime. Contrary to Petitioner's suggestion of his confusion as to the significance of the parole Revocation Hearing, we find that he demonstrated an acute awareness of the significance of both the Revocation Hearing and of the Board's obligations to him, as well as the constraints under which it operated. Our study of the record convinces us that his decision to proceed without benefit of counsel was an informed and deliberate one.

Finally, on this waiver point, we decline Hill's invitation to reverse or modify our recent holding in *Coades* in favor of adopting the rationale advanced by the Superior Court in *Commonwealth v. Fowler*, 271 Pa. Superior Ct. 138, 412 A.2d 614 (1979), *appeal after remand*, 275 Pa. Superior Ct. 544, 419 A.2d 34 (1980), which would require an extensive on-the-record colloquy between the Board and the parolee before a parolee's waiver of counsel would be considered effective. As we noted in *Coades*, the Superior Court's decision in *Fowler* was based upon a county parole revocation hearing which took place in a common pleas court. The *Fowler* hearing was subject to the requirements of the Pennsylvania Rules of Criminal Procedure and the *Fowler* holding as to the requirements for effectively waiving counsel was dictated by Pa. R. Crim. P. 318. Those rules, by their very definition, are applicable only to *criminal* proceedings in the courts. Pa. R. Crim. P. 1(a). The Board's parole revocation hearings are neither criminal proceedings, nor are they conducted by the courts. Rather, they are civil administrative hearings, conducted by a Commonwealth administrative agency. *Gundy v. Pennsylvania Board of Probation and Parole*, 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984). Accordingly, the

Rules of Criminal Procedure are not applicable to the Board's parole revocation hearings. Therefore, we re-affirm our holding in *Coades* that an extensive on-the-record colloquy, as envisioned by Pa. R. Crim. P. 318, between the Board and the parolee is not essential to effectuate a valid waiver of a parolee's right to counsel.[12]

We next turn to Hill's assertion that his due process rights were violated by havnig only two days advance notice of his January 26, 1984, Revocation Hearing. This lack of notice, Hill complains, prevented him from adequately preparing his defense and obtaining witnesses to testify on his behalf. We are satisfied that Hill's due process rights were not violated by the Board.

There can be no question that one of the minimal due process requirements which the Board's parole revocation hearings must satisfy is that the parolee must be given prior written notice of the hearing and of the charges being brought by the Board. *See Morrissey v. Brewer*, 408 U.S. 471 (1972). Here, however, while the Board only afforded Hill two days notice, the hearing examiner offered him a continuance in order to afford more time in which to prepare his defense and to arrange for the production of witnesses. As he did when the examiner offered him a continuance to procure counsel, Hill declined the continuance stating only that he wanted to put the fact he had only two days notice of the hearing on the record to serve as a basis for an eventual appeal. In our view, when Hill refused the examiner's offer of a continuance of his Revocation Hearing, he effectively waived

---

[12] On March 13, 1985, the Pennsylvania Supreme Court entered an order denying the parolee's Petition for Allowance of Appeal. *Coades v. Pennsylvania Board of Probation and Parole*, No. 143 M.D. Allocatur Docket 1984.

his right to contest the limited notice time. Accordingly, we must reject Petitioner's claim of prejudice due to lack of sufficient advance notice of his parole Revocation Hearing.

We now turn to Hill's final contention which challenges the certified record filed by the Board. Hill argues that the record lacks the proper authentication required by statute in that it does not have the Board's official seal affixed thereto. Section 8 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.8, mandates that the Board "adopt an official seal, by which its acts and proceedings shall be authenticated." 61 P.S. §331.8 also requires that the certificate "be accepted in evidence in any judicial proceeding in any court of this Commonwealth as adequate and sufficient proof of the acts and proceedings of the board." Hill's contention, simply put, is that the certified record lodged by the Board in this case lacks the official seal and is not adequate to attest to any of the Board's actions in his case. This contention is frivolous. The certified record lodged by the Board with this Court was duly certified by the Board Secretary, Hermann Tartler, and has the Board's official seal duly impressed upon that certification.[13] As the seal was properly affixed to the certification, under 61 P.S. §331.8, it properly authenticates the actions and proceedings of the Board in Hill's case.

Having found no errors of law committed nor any constitutional rights violated, we must affirm the Board's order.

---

[13] While the impression of the Board's official seal is clear on the certification accompanying the record filed with this Court, it may be that Hill's appellate counsel received a photocopy of the certification on which the seal is not visible. Counsel could have resolved this issue simply by reference to our Prothonotary's Office.

## ORDER

AND Now, this 6th day of May, 1985, the order of the Pennsylvania Board of Probation and Parole at Parole No. 6952-H, dated April 23, 1984, which denied administrative relief to Charles Hill, is hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.